IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SMYSER KAPLAN & VESELKA, L.L.P. § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| NOBU SU a/k/a Hsin Chi Su a/k/a § | |
| Nobuyoshi Morimoto and F5 CAPITAL, § | |
| Respondents. § | |

## MOTION TO CONFIRM ARBITRATION AWARD

On November 12, 2015, a single-arbitrator tribunal empaneled by the American Arbitration Association ("AAA") entered a final arbitration award ("Final Award") in the matter *Smyser Kaplan & Veselka, L.L.P. v. Nobu Su a/k/a Hsin Chi Su a/k/a Nobuyoshi Morimoto and F5 Capital*, AAA Case No. 01-15-0003-0430. Petitioner Smyser Kaplan & Veselka, L.L.P. ("SKV") now respectfully requests that this Court: (1) confirm the Final Award and (2) enter judgment in favor of SKV in accordance with the Final Award.

### PARTIES

1. Petitioner SKV is a Texas limited liability partnership law firm with its principal place of business at 700 Louisiana Street, Suite 2300, Houston, Texas 77002.

2. Respondent Nobu Su a/k/a Hsin Chi Su a/k/a Nobuyoshi Morimoto ("Nobu Su") is an individual with a residence and a place of business in Taipei, Taiwan, acting for himself and on behalf of certain companies that he controls and/or owns, including Respondent F5 Capital, a Cayman Islands company ("F5 Capital") (collectively with Nobu Su, "Respondents").

3. Nobu Su does not maintain a regular place of business or a designated agent for service of process in Texas. Further, Taiwan is not a signatory to the Hague Service Convention. Thus, Nobu Su may be served with process via the United States Department of State pursuant to

538755.3

Letters Rogatory directed to his business address: TMT Taipei offices; 16/F, 200 Keelung Road, Sec. 1; Taipei 110; Taiwan.  28 U.S.C. § 1781 (a) (2); Fed. R. Civ. P. 4 (f) (2) (B).

4.      F5 Capital is a foreign corporation organized and existing under the laws of the Cayman Islands.  F5 Capital does not maintain a regular place of business or a designated agent for service of process in Texas.  F5 Capital may be served with process in accordance with the Hague Service Convention at its business address: C/O Campbell Corporate Services Limited; Scotia Centre, P.O. Box 268; Grand Cayman E9 KY1-1104.  Fed. R. Civ. P. 4 (h).

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of a State and citizens of a foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Houston, Texas.

7.      Venue is also proper in the Southern District of Texas under 9 U.S.C. § 9 because the agreement between the parties contains an arbitration clause that provides that any disputes arising out of the agreement shall be arbitrated in Houston absent an agreement otherwise.[1]  Pursuant to that clause, a Final Award was issued in Houston.

## FACTS WARRANTING CONFIRMATION

8.      SKV and Respondents are parties to a July 4, 2014 engagement letter ("Engagement Letter") and a September 30, 2014 supplement to that engagement letter

---

[1] The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, applies to arbitration clauses in contracts that touch on dealings between parties across international boundaries.  *See Matter of Arbitration Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 300-301 (S.D. Tex. 1997) (Lake, J.), *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998).

("Supplement") (collectively, "Engagement Agreement").  Both the Engagement Letter and the Supplement are subject to an arbitration clause mandating arbitration of all disputes related to the Engagement Agreement by one arbitrator agreeable to both sides, or in the event the parties fail to agree, then in Houston according to AAA Rules.  Ex. 1 (Engagement Letter); Ex. 2 (Supplement).

9. On March 27, 2015, SKV filed an arbitration demand with the AAA asserting an action for breach of the Engagement Agreement and seeking to recover damages, plus attorneys' fees and costs incurred in connection with the arbitration.  Ex. 3 (Final Arbitration Award).

10. A single-arbitrator tribunal empaneled by the AAA's International Centre for Dispute Resolution ("the Tribunal") held a hearing on SKV's claims on October 10, 2015 in Houston.  Ex. 3.

11. On November 12, 2015, the Tribunal issued a Final Award, which outlined reasoned findings of fact and conclusions of law.  Based on these conclusions, the Tribunal awarded SKV: (1) $435,413.92 in damages on its breach of contract claim; (2) $7,500.00 in AAA administrative fees and expenses and $8,100.00 in Arbitrator compensation and expenses, recoverable by a prevailing party under Texas statutory law; (3) $31,332.00 in attorneys' fees, recoverable by a prevailing party under Texas statutory law; and (4) interest on the amount due and payable before the Final Award at an applicable statutory rate in Texas and interest from the date of the Award at the applicable statutory interest rate.  Ex. 3.

12. SKV now moves to confirm the Final Award.

## ARGUMENT

13. Under Section 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs.,*

*L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The Supreme Court has made clear that the grounds set forth in Sections 10 and 11 for vacating or modifying an arbitration award are limited and exclusive. *See Citigroup Glob. Markets, Inc. v. Bacon*, 562 F.3d 349, 353 (5th Cir. 2009) (citing *Hall*, 552 U.S. at 582)); *see also Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 543 (5th Cir. 2013) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). The party moving to vacate an award under the FAA bears the burden of proof. *Parker v. J C Penney Corp.*, 426 F. App'x 285, 288 (5th Cir. 2011).

14.     Application of these principles requires confirmation of the Final Award. SKV is entitled to confirmation of the Final Award because 1) a valid pre-dispute arbitration agreement was executed between the parties in the Engagement Agreement; 2) in the Engagement Agreement, the parties consented to confirmation in any court of competent jurisdiction; 3) this Court is the appropriate venue for confirmation as the Final Award was issued in Houston; 4) this application is being made within one year of the Final Award being issued; and 5) there exist no grounds for vacating or modifying the Final Award pursuant to §§ 10 or 11. *See* 9 U.S.C. § 9. Because the FAA's "provision for judicial confirmation carries no hint of flexibility," *Hamstein*, 532 F. App'x at 543, the Final Award must be confirmed. Therefore, SKV is entitled to the entry of an order and judgment confirming and entering the Final Award, and each and every term thereof, as a judgment of this Court.

## CONCLUSION

For the foregoing reasons, SKV respectfully requests that this Court enter an order:

1) confirming the Final Award;

2) entering judgment in favor of SKV and against Respondents providing for the monetary relief specified in the Final Award;

3) awarding SKV pre- and post-judgment interest as provided by law;

4) awarding SKV its attorneys' fees and costs incurred in this proceeding; and

5) granting such other and further relief as the Court deems just and proper.

DATED:  December 31, 2015.                    Respectfully Submitted,

*/s/ Larry R. Veselka*
Larry R. Veselka
State Bar No. 20555400
Federal ID No. 6797
Ty Doyle
State Bar No. 24072075
Federal ID No. 1373873
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)
lveselka@skv.com
tydoyle@skv.com