IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SMYSER KAPLAN & VESELKA, L.L.P. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-cv-03760 |
| | § | |
| NOBU SU a/k/a Hsin Chi Su a/k/a | § | |
| Nobuyoshi Morimoto and F5 CAPITAL, | § | |
| | § | |
| Respondents. | § | |

**MOTION FOR THE ISSUANCE OF LETTERS ROGATORY
TO EFFECT SERVICE OF PROCESS IN TAIWAN**

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 4(f)(2)(B) and 28 U.S.C. § 1781, Petitioner Smyser Kaplan & Veselka, L.L.P. ("SKV") respectfully requests that this Court issue a Request for International Judicial Assistance (Letters Rogatory) to the courts of Taiwan for the purpose of effecting service of process on Respondent Nobu Su a/k/a Hsin Chi Su a/k/a Nobuyoshi Morimoto ("Nobu Su").  Nobu Su resides in Taiwan, which is not a signatory to any international agreements governing judicial assistance in civil matters.  Moreover, Taiwanese courts at times enforce foreign judgments only in cases where service is accomplished through letters rogatory.  Consequently, this Court's issuance of letters rogatory is the only method for securing service on Nobu Su.

**II.     PROCEDURAL BACKGROUND**

On December 31, 2015, SKV filed a Motion to Confirm an Arbitration Award in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.  In its motion, SKV requests: (1) confirmation of a Final Award rendered in its favor on November 12, 2015 in Houston, Texas by a single-arbitrator tribunal empaneled by the American Arbitration Association ("AAA") and (2)

541999.2

entry of judgment in favor of SKV in accordance with the Final Award. The Final Award granted SKV the following relief on its breach of contract claim against Respondent Nobu Su, an individual with a residence and a place of business in Taipei, Taiwan, and Respondent F5 Capital, a Cayman Islands company that Nobu Su controls and/or owns: (1) $435,413.92 in damages on the breach of contract claim; (2) $7,500.00 in AAA administrative fees and expenses and $8,100.00 in Arbitrator compensation and expenses, recoverable by a prevailing party under Texas statutory law; (3) $31,332.00 in attorneys' fees, recoverable by a prevailing party under Texas statutory law; and (4) interest on the amount due and payable before the Final Award at an applicable statutory rate in Texas and interest from the date of the Award at the applicable statutory interest rate.

SKV now seeks to serve process on Nobu Su in Taiwan pursuant to letter rogatory.[1]

### III.   ARGUMENT

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries. In the absence of any applicable international agreement for service of process, subsection (2) of Rule 4(f) provides an alternative framework for foreign service. Fed. R. Civ. P. 4(f)(2). "Taiwan is not a signatory to the Hague Convention or any other agreement specifying an appropriate means of service[.]" *SignalQuest, Inc. v. Tien-Ming Chou*, 284 F.R.D. 45, 48 (D.N.H. May 22, 2012). Subsection (2) therefore applies, and provides that service may be accomplished "by a method that is reasonably calculated to give notice . . . as the foreign authority directs in response to a letter rogatory[.]" Fed. R. Civ. P. 4(f)(2)(B); *see also Magness v. Russian Fed'n*, 247 F.3d 609, 614 n. 10 (5th Cir. 2001) ("A letter rogatory is a formal request from a court in one country to the appropriate judicial authorities in another country that can

---

[1] Respondent F5 Capital is a company headquartered in, and organized pursuant to the laws of, the Cayman Islands. As the Cayman Islands is a signatory to the Hague Convention, SKV anticipates effecting service of process on F5 Capital pursuant to the terms of that international agreement.

effectuate service of process."). Further, 28 U.S.C. § 1781 expressly contemplates and permits a United States Court to issue a letter rogatory to a foreign judicial authority. *See* 28 U.S.C. § 1781(a)(2) ("The Department of State has power . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.").

While courts have held service of process on Taiwanese nationals via international registered mail and Federal Express delivery to be proper under Rule 4(f)(2),[2] the enforceability of a foreign judgment in Taiwan raises complex legal issues which militate in favor of service via letters rogatory. S*ee Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868 (N.D. Cal. 2011) (holding that plaintiff's attempted personal service on Taiwanese corporation did not comply with Rule 4, and noting U.S. State Department's circular stating that "[i]f enforcement of a judgment is anticipated, Taiwan may not consider service by registered mail or by agent acceptable and may require that service be effected pursuant to a letter rogatory"); *Alu, Inc. v. Kupo Co.*, 2007 WL 177836, at *4 n. 2 (M.D. Fla. Jan. 19, 2007) (noting same statement from Department of State circular); *In re Schwinn Bicycle Co.*, 190 B.R. 599, 609 (Bankr. N.D. Ill. 1995) ("According to the United States State Department, letter rogatory service is advisable if enforcement of a judgment in Taiwan is anticipated.").

Because service on Nobu Su pursuant to letter rogatory will greatly facilitate SKV's ability to enforce in Taiwan any judgment against Nobu Su it may obtain in this lawsuit, SKV moves for the issuance of letters rogatory to effect service pursuant to the Court's authority

---

[2] *See, e.g.*, *SignalQuest*, 284 F.R.D. at 50 (holding that service on CEO of Taiwanese company satisfied Rule 4(f)(2)(C)(ii) when summons and complaint were delivered via Federal Express to company's Taiwan headquarters and signed for by company employee); *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 946 (E.D.N.Y. 1994) (holding that plaintiff made *prima facie* showing that service on defendant, a Taiwanese individual, via international registered mail satisfied Rule 4(f)(2)(A)).

3

541999.2

under Rule 4(f)(2)(B) and 28 U.S.C. § 1781.  *See, e.g.*, *Guajardo v. Nankang Rubber Tire Corp., Ltd.*, No. 04-2660, Dkt. No. 7 (N.D. Tex. Mar. 1, 2005) (Sanders, J. Barefoot) (signed Letter Rogatory to judicial authority in Taiwan to effect service of process); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 06-6613, Dkt. No. 41 (N.D. Cal. Dec. 27, 2006) (same); *ABB Switzerland Holding Ltd. v. Arima Display Corp.*, No. 03-1499, Dkt. No. 6 (D. Md. Jun. 24, 2003) (same); *see also TPK Touch Sols., Inc v. Wintek Electro-Optics Corporation*, No. 13-02218, Dkt. No. 23 (N.D. Cal. Nov. 13, 2013) (order granting motion for issuance of letters rogatory to effect service of process on Taiwanese defendant); *Sayles v. Pac. Engineers & Constructors, Ltd.*, 2009 WL 791332, at *1 (W.D.N.Y. Mar. 23, 2009) (same).

## IV.   CONCLUSION

For the foregoing reasons, SKV respectfully requests that this Court:

(1)   Grant its Motion for the Issuance of Letters Rogatory to Effect Service of Process in Taiwan.  A proposed order for the Court's consideration is attached herein; and

(2)   Issue the proposed Request for International Judicial Assistance (Letters Rogatory) to The Appropriate Judicial Authority of Taiwan, attached herein as Exhibit A[3], by signing and affixing the seal of the United States District Court for the Southern District of Texas.  Pursuant to U.S. Department of State guidelines, the Letters Rogatory must be signed by a judge and not by a clerk signing on the judge's behalf.  *See* Exh. B (U.S. Department of State, Preparation of Letters Rogatory).  The signed original should be returned to SKV's counsel for transmittal to the U.S. Department of State.

---

[3] SKV followed the Department of State's procedures and guidelines when preparing the proposed Letter Rogatory. *See* Exh. B (U.S. Department of State, Preparation of Letters Rogatory); Exh. C (U.S. Department of State, International Judicial Assistance—Taiwan).

DATED:  January 14, 2016.	Respectfully Submitted,

*/s/ Larry R. Veselka*
Larry R. Veselka
State Bar No. 20555400
Federal ID No. 6797
Ty Doyle
State Bar No. 24072075
Federal ID No. 1373873
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)
lveselka@skv.com
tydoyle@skv.com

5

541999.2